UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT L. WEBSTER, | ) |
| | ) CASE NO. C09-1489-TSZ |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| STEPHEN SINCLAIR | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner Robert L. Webster proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 2254 habeas action. He is in custody pursuant to his 2009 convictions for attempted first degree murder, felony harassment, and misdemeanor violation of a no-contact order. (Dkt. 18, Exs. 1 & 2.) Petitioner raises four grounds relief in his habeas petition. (Dkts. 6 & 8.) Respondent filed an answer to the petition with relevant portions of the state court record. (Dkts. 16-18.) Respondent argues that petitioner's claims lack merit and that his habeas petition should be denied. Petitioner did not submit a response to respondent's answer.

The Court has considered the record relevant to the grounds raised in the petition, including all hearing transcripts. For the reasons discussed herein, it is recommended that

REPORT AND RECOMMENDATION
PAGE -1

petitioner's habeas petition be denied without an evidentiary hearing and this action dismissed.

## I

The Washington Court of Appeals described petitioner's case as follows:

> On September 30, 2006, Terri Edwards went to Robert Webster's apartment despite the fact that he had assaulted her in the past and was subject to a domestic violence order prohibiting contact with her. Webster attacked her with a hammer, hitting her repeatedly in the head, shoulder, and arm. Edwards attempted to fend him off with a small knife or pair of scissors, but Webster continued to hit her with the hammer and yell that he was going to kill her. When she fell to the floor, Webster began strangling her. After hearing a woman's muffled screams and a man yelling, "I'm going to kill you," a neighbor intervened and helped Edwards, who was bleeding profusely, out of the apartment.
>
> The State charged Webster with attempted first degree murder, first degree assault, felony violation of a no-contact order, and felony harassment. At trial, Webster testified that he awoke to find Edwards holding a pair of scissors to his chest, grabbing his groin area, and taunting him. He grabbed the hammer and started swinging it at her to get free of her grasp. When Edwards kept charging at him, he hit her again until he dropped the hammer and crawled out of the apartment to get help.
>
> The jury found Webster guilty as charged. The trial court did not enter judgment on the first degree assault charge, but imposed a standard range sentence on the remaining counts. . . .

(Dkt. 18, Ex. 3 at 2.) The Superior Court of Washington originally sentenced petition in April 2007. (*Id.*, Ex. 5.)

Petitioner submitted an appeal to the Court of Appeals, asserting error in: (1) a self-defense instruction as a defense to murder (instruction fourteen) designating the complaining witness as "the victim."; (2) double jeopardy violation through the failure to vacate the conviction on first degree assault; (3) the denial of his motion to vacate the conviction of felony violation of a court order; (4) the failure to find convictions for attempted murder, felony

violation of a court order, and felony harassment as the same criminal conduct for calculating his offender score; (5) entering judgment and sentence on attempted first degree murder; and (6) entering judgment and sentence on felony violation of a court order.  (*Id.*, Ex. 6 at 1-2.) The Court of Appeals affirmed the convictions for attempted first degree murder and first degree assault, but vacated the conviction for felony violation of a no-contact order, concluding that offense should have been a misdemeanor, rather than a felony.  (*Id.*, Ex. 3 at 3-6.)   The court remanded for entry of a judgment on a misdemeanor violation of a no-contact order.  (*Id.* at 6.)   Also, while the court rejected petitioner's contention that his crimes constituted the same criminal conduct for purposes of sentencing, it found that petitioner's offender score must be recalculated on remand given the decision vacating the conviction for felony violation of a court order.  (*Id.* at 6-7.)

Petitioner sought review in the Washington Supreme Court, asserting:   (1) violation of his fifth, sixth, and fourteenth amendment rights through the information's failure to charge all "expanded acts" of assault, the failure to instruct the jury to reach a unanimous verdict on each count, and "grossly incorrect" jury instructions; (2) denial of procedural due process and equal protection rights to an impartial jury; (3) denial of right to confront accuser due to incompetent counsel; and (4) denial of sixth amendment right to impartial jury due to incompetent counsel. (*Id.*, Ex. 8 at 6-13.)   The Supreme Court denied review and the mandate issued on March 20, 2009.  (*Id.*, Exs. 12 & 13.)

While petitioner's direct appeal remained pending, he filed a personal restraint petition in the Court of Appeals, identifying the same grounds raised in his petition for review before the Supreme Court.  (*Id.*, Ex. 14.)   The Court of Appeals dismissed the petition.  (*Id.*, Ex. 15.)

Again raising the same grounds, petitioner sought review in the Supreme Court. (*Id.*, Ex. 16.) That court denied review and the Court of Appeals issued its certificate of finality on February 25, 2009. (*Id.*, Exs. 17 & 18.)

The Superior Court resentenced petitioner in May 2009. (*Id.*, Ex. 1.) Petitioner appealed his new sentence to the Court of Appeals, asserting he was sentenced above the standard range for the attempted murder count, that the court erred in its imposition of the DNA collection fee, and that he was deprived effective assistance of counsel at the resentencing hearing. (*Id*., Ex. 19.) Finding the standard sentencing range had been miscalculated, the Court of Appeals reversed and remanded for resentencing in March 2010. (*Id.*, Ex. 4.) The Court of Appeals issued its mandate on April 16, 2010. (*Id.*, Ex. 21.)

II

Petitioner here raises four grounds for relief:

1. Identifying Edwards as "the victim" [in] instruction 14 unconstitutionally commented on the evidence.

2. Webster's first degree assault conviction violates double jeopardy and should be dismissed or vacated.

3. Webster's conviction for violating a court order should be dismissed because the predicate assault was first degree.

4. Counts I, III and IV were the same criminal conduct under RCW 9.94A.589.

(Dkt. 6 at 5-11.)

Respondent asserts, and the Court agrees, that petitioner appears to have properly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The Court, therefore, proceeds to the merits of petitioner's claims.

REPORT AND RECOMMENDATION
PAGE -4

III

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). In addition, a habeas corpus petition may be granted if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *Id.*

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). In addition, if a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Court finds that petitioner's claims can be resolved by reference to the state court record. Therefore, an evidentiary hearing is not necessary. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be

resolved by reference to the state court record.")   For the reasons described below, the Court concludes that petitioner's claims lack merit and should be denied.

A.      Ground One

In his first ground for relief, petitioner asserts that the identification of Edwards as "the victim" in the instruction on self defense constituted an impermissible and unconstitutional comment on the evidence.  Respondent argues that this claim does not entitle petitioner to relief as it is not based on clearly established federal law and, even if it were, the state court reasonably determined any error was harmless.

The Washington Court of Appeals considered this claim as follows:

> Webster first contends that the trial court impermissibly commented on the evidence by referring to Edwards as "the victim" in the instruction to the jury regarding self defense as a defense to attempted murder.  Judges may not comment on what the testimony proved or failed to prove or instruct the jury that matters of fact have been established.  *State v. Baxter*, 134 Wn. App. 587, 592-93, 141 P.2d 92 (2006).  Where such comments relieve the State of its burden of proving an element of the charged crime, the State must show the absence of prejudice, unless the "'record affirmatively shows no prejudice could have resulted.'" *Id.* at 593 (*quoting State v. Levy*, 156 Wn.2d 709, 725, 132 P.3d 1076 (2006)).
>
> Although the use of the term "victim" is not encouraged or recommended [*see, e.g., State v. Alger*, 31 Wn. App. 244, 249, 640 P.2d 44, *review denied* 97 Wn.2d 1018 (1982)], it did not necessarily relieve the State of its burden to disprove Webster's self-defense claim under the facts and circumstances of this case.  It was undisputed that Webster hit Edwards in the head and shoulders with a hammer a sufficient number of times to cause serious injuries and profuse bleeding.  The question was whether Webster's actions were justified by his claimed need to defend himself.
>
> But even if the single use of the word "victim" were considered error, it could not have been prejudicial in this context.  First, the State presented overwhelming evidence contradicting Webster's claim of self-defense.  Consistent with Edward's testimony, neighbor Tanisha Miller described the muffled female screams she heard from the apartment as "Like scared, like

trying to get away or get up or needed help." She also testified that Webster crawled to the door "acting like he was hurt," but that she did not see any injuries on Webster besides a little scratch on his chest, and she did not believe that he was hurt. Police Officer Mark Wong testified that he did not see any marks on Webster, and emergency medical personnel determined that Webster did not need any medical attention despite Webster's claim that he had been stabbed. In addition, other evidence presented at trial tended to support Edward's testimony and undermine Webster's claims. Edwards testified that she came to the apartment with Kentucky Fried Chicken because Webster had asked her to get his dinner. The apartment manager testified that he later found a bag of chicken where Edwards claimed she left it. Contrary to Webster's claim that Edwards attacked him while he was sleeping on his bed, photographs of the apartment showed the bed was neatly made and undisturbed.

The trial court instructed the jury that (1) the jury members were the sole judges of credibility and (2) the jury should disregard any apparent comment on the evidence by the judge. Also, the trial court instructed the jury on self-defense with regard to the first degree assault charge without using the term "victim." In light of the evidence presented and the trial court's complete instructions to the jury, we conclude Webster was not prejudiced by the single use of the term "victim" and affirm his conviction for attempted first degree murder.

(Dkt. 18, Ex. 3 at 3-4.)

A claim that a jury instruction was incorrect under state law is not a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). *See also Gilmore v. Taylor*, 508 U.S. 333, 342 (1993) ("Outside of the capital context, we have never said that the possibility of a jury misapplying state law gives rise to federal constitutional error. To the contrary, we have held that instructions that contain errors of state law may not form the basis for federal habeas relief.") (*citing Estelle*, 502 U.S. 62). Instead, petitioner may obtain relief only by showing a violation of clearly established federal law.

As argued by respondent, the United States Supreme Court has not clearly established that a comment on the evidence necessarily violates the Constitution. In fact, as stated by this

Court, "the law of the United States permits the judge to comment to the jury on the evidence in the case." *Gentry v. Sinclair*, 576 F. Supp. 2d 1130, 1159-60 (W.D. Wash. 2008) (*citing Quercia v. United States*, 289 U.S. 466, 469 (1933); *United States v. Sanchez-Lopez*, 879 F.2d 541, 553 (9th Cir. 1989) (*citing Quercia*, 289 U.S. at 469 (a judge may comment upon the evidence and may express an opinion on the facts as long as the judge makes it clear to the jury that all matters of fact are submitted for their determination); *also citing Bute v. Illinois*, 333 U.S. 640, 650 n.4 (1948) ("One long recognized difference between the trial procedure in the federal courts and that in many state courts is the greater freedom that is allowed to a federal court, as compared with that allowed to a state court, to comment upon the evidence when submitting a case to a jury."))

With challenges to jury instructions, this Court's "review is limited to determining whether an allegedly defective jury instruction 'so infected the entire trial that the resulting conviction violates due process.'" *Carriger v. Lewis*, 971 F.2d 329, 334 (9th Cir. 1992) (*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).  In making this assessment, the instruction "'may not be judged in artificial isolation[;]' [it] must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72 (*quoting Cupp*, 414 U.S. at 147).  *See also Duckett v. Godinez*, 67 F.3d 734, 745-46 (9th Cir. 1995) (the existence of a constitutional violation depends on the evidence in the case and the jury instructions as a whole). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

REPORT AND RECOMMENDATION
PAGE -8

Petitioner raises his argument in purely state law terms, asserting the inclusion of the word "victim" in a jury instruction constituted "an impermissible judicial comment on the evidence[.]" (Dkt. 6 at 5.) He fails to provide, and the Court does not find, any support for the conclusion that the use of this term so infected the trial as to violate his right to due process.

Moreover, as argued by respondent, even if petitioner could demonstrate a constitutional error, the state court reasonably found any such error harmless. A trial error "is deemed harmless unless it has a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Rice v. Wood*, 77 F.3d 1138, 1144 (9th Cir. 1996) (*quoting Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)). The Court defers to the state court determination that an error did not cause prejudice unless the state court decision on prejudice was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d); *Inthavong v. Lamarque*, 420 F.3d 1055, 1058-59 (9th Cir. 2005). If the Court were to determine that the state court decision was either an unreasonable application of or contrary to Supreme Court precedent, it still must assess whether the error had a substantial and injurious effect on the verdict. *Inthavong*, 420 F.3d at 1059. Under this standard, the Court may not grant habeas relief unless the petitioner suffered actual prejudice from the constitutional error. *Brecht*, 507 U.S. at 637.

Here, the state court reasonably found that the use of the term "victim" in the self-defense instruction did not prejudice petitioner, pointing in support to the "overwhelming evidence" contradicting his claim of self defense and the remainder of the instructions to the jury. (Dkt. 18, Ex. 3 at 3-4.) Petitioner provides no arguments to the contrary, and the Court finds no basis for concluding that the use of the term "victim" in a single jury instruction had a

REPORT AND RECOMMENDATION
PAGE -9

01 substantial and injurious effect on the verdict.

02 In sum, petitioner's first ground for relief lacks merit. His habeas petition should,
03 accordingly, be denied with respect to that claim.

04 B.    Ground Two

05 In his second ground for relief, petitioner avers that his first degree assault conviction
06 violates double jeopardy. He maintains that the attempted murder and first degree assault
07 convictions arose from identical facts and, therefore, that the state court erred in failing to
08 vacate his first degree assault conviction. However, as argued by respondent, petitioner is not
09 entitled to relief on this ground.

10 The Court of Appeals considered plaintiff's double jeopardy claim as follows:

> . . . The double jeopardy doctrine prohibits multiple punishment for the same offense in the same proceeding. *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 49, 75 P.3d 488 (2003). Relying on *State v. Womac*, 160 Wn.2d 643, 160 P.3d 40 (2007), Webster contends that the trial court's decision to enter judgment only on the attempted murder verdict was insufficient to avoid a double jeopardy violation.
>
> But in *Womac*, the Supreme Court determined that the trial court violated double jeopardy by reducing to judgment three separate convictions constituting the same criminal conduct, despite the fact that it only imposed sentence on one count. *Womac*, 160 Wn.2d at 660. Where, as here, the trial court enters judgment on a single charge and does not mention in the judgment and sentence the jury's finding of guilty on an additional charge based on the same evidence, double jeopardy is not violated. *State v. Ward*, 125 Wn. App. 138, 144, 104 P.3d 61 (2005) (no double jeopardy violation where trial court entered judgment and sentence only on second degree felony murder charge and did not mention jury's guilty verdict on alternative charge of first degree manslaughter); *State v. Trujillo*, 112 Wn. App. 390, 411, 49 P.3d 935 (2002) (jury verdict on alternative charge that is not reduced to judgment does not violate double jeopardy), *review denied*, 149 Wn.2d 1002 (2003).

22 (Dkt. 18, Ex. 3 at 4-5.)

The Double Jeopardy Clause dictates that no person may be "twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. The Clause protects a defendant against multiple punishments or repeated prosecutions for the same offense. *See United States v. Dinitz*, 424 U.S. 600, 606 (1976). However, "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution." *Ohio v. Johnson*, 467 U.S. 493, 500 (1984).

As found by the Court of Appeals, petitioner fails to establish a violation of the Double Jeopardy Clause. The trial court did not enter judgment or sentence petitioner on the first degree assault charge. (Dkt. 18, Exs. 1, 2 & 5.) Petitioner, therefore, was not subject to multiple punishments. As such, petitioner's second ground for relief lacks merit and should also be denied.

C.     Ground Three

Petitioner's third ground for relief requests that his conviction for felony violation of a court order be dismissed because the predicate assault used to elevate the violation from a gross misdemeanor to a felony was first degree assault. The Court of Appeals considered this claim as follows:

> . . . Violation of a domestic violence protection order is a gross misdemeanor unless it involves certain circumstances elevating the crime to a felony. RCW 26.50.110(1)(a). Here, the state charged Webster with a felony because his violation of the no-contact order involved an assault. But RCW 26.50.110(4) elevates such violations to felonies only where the assault at issue "does not amount to assault in the first or second degree."
>
> The State concedes that the prosecutor invited the jury to base its decision on the no-contact order violation on the same evidence presented to

> support the first degree assault charge and did not offer any evidence of a separate predicate assault. We accept the State's concession and agree that Webster's conviction for felony violation of a no-contact order must be vacated. *See Azpitarte*, 140 Wn.2d at 142 (felony verdict set aside where jury could have relied on second degree assault to find defendant guilty of felony violation of a court order).
>
> However, the State requests remand for entry of judgment on a misdemeanor violation of a no-contact order. This court may remand for entry of a conviction on a lesser offense as long as the jury necessarily found all the elements of the lesser offense. *State v. Gilbert*, 68 Wn. App. 379, 384, 842 P.2d 1029 (1993). Here it is undisputed that in returning the guilty verdict on the felony charge, the jury necessarily found every element of a misdemeanor violation of a no-contact order. Thus, we remand for entry of judgment on a misdemeanor violation of a no-contact order.

(Id., Ex. 3 at 5-6.) The Superior Court thereafter entered judgment on a misdemeanor violation. (Id., Exs. 2 & 3.)

Because the state court already vacated petitioner's conviction for felony violation of a no- contact order, it is not clear what relief petitioner seeks in this ground. As argued by respondent, to the extent he seeks dismissal of any conviction for violation of a no-contact order, such an argument lacks the support of clearly established federal law. *Cf. United States v. Alvarez*, 451 F.3d 320, 328-29 (5th Cir. 2006) (remanding, in a federal criminal proceeding, for entry of judgment on lesser included offenses). There is no showing that the state court determination on this point was contrary to, or an unreasonable application of, clearly established federal law. Again, this ground for relief lacks merit and should be denied.

D.  <u>Ground Four</u>

Petitioner's fourth and final ground for relief asserts that his first, third, and fourth criminal counts were the same criminal conduct under RCW 9.94A.589. However, as asserted by respondent, the state court determination of this issue of state law (Dkt. 18, Ex. 3 at 6-7) does

REPORT AND RECOMMENDATION
PAGE -12

not raise a basis for federal habeas corpus relief. Gilmore, 508 U.S. at 342; Estelle, 502 U.S. at 67. This ground for relief must, therefore, also be denied.

IV

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that petitioner is not entitled to a COA with respect to his claims.

V

For the reasons discussed above, the Court recommends that petitioner's habeas petition be DENIED and this case DISMISSED. An evidentiary hearing is not required as the record conclusively shows that petitioner is not entitled to relief. A proposed Order accompanies this Report and Recommendation.

DATED this <u>19th</u> day of August, 2010.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge